```
                                                    ____ FILED        ____ ENTERED
                                                    ____ LOGGED       ____ RECEIVED

           IN THE UNITED STATES DISTRICT COURT         AUG 2 0 2010
                FOR THE DISTRICT OF MARYLAND
                                                         AT BALTIMORE
                                                    CLERK, U.S. DISTRICT COURT
                                                       DISTRICT OF MARYLAND

                                                    BY _____         DEPUTY
```

EMMANUEL N. LAZARIDIS, individually and )
on behalf of V. L., a minor in his custody and care, )
)
      Plaintiff, ) Case No. **CCB 10CV2338**
)
v. )
)
STEPHEN J CULLEN, individually, ) COMPLAINT FOR DECLARATORY
the OFFICE OF THE MARYLAND ATTORNEY ) AND INJUNCTIVE RELIEF, AND
GENERAL, by and through ) COMPENSATORY AND PUNITIVE
DOUGLAS F. GANSLER, Attorney General, ) DAMAGES
DEXTER M THOMPSON, JR., individually, and )
TINA LAVINA WEHMER, individually. )
)
      Defendants. )
)

## COMPLAINT

Plaintiff, Emmanuel N. Lazaridis, a natural person, alleges as follows:

### NATURE OF ACTION

1. This is an action challenging provisions of Maryland's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Md. Family Law § 9.5-101 *et seq.*, as violating the federal constitution. This act unconstitutionally extends the long arm of the law of the State of Maryland to controversies over which Maryland has no interest. The plaintiff seeks a declaration that the offending provisions of the UCCJEA are unconstitutional.

2. He also seeks injunctive relief to prevent the private parties from contesting the validity of

child custody or visitation orders issued by courts of the country of Greece, to prevent those private parties from registering or contesting any further foreign orders in the State of Maryland or from seeking future enforcement of such orders, and to prevent the State of Maryland from enforcing any foreign orders as may be registered in its Circuit Courts when the children concerned are not to be found within the State.

3. The plaintiff seeks a declaration that enforcement actions by the State of Maryland, coupled with the fraudulent declarations and legal malpractice on the part of the private-party defendants, are abhorrent to the interests of the minor child involved and violate fundamental rights of the plaintiff and his minor child guaranteed by the federal constitution.

4. The present complaint is not precluded by this Court's memorandum opinion in the earlier case of *Lazaridis v. Wehmer*, Civ. No. AMD 07-3112 (D. Md. March 31, 2008), which relied entirely on a Delaware District opinion that was subsequently overturned on appeal. *Lazaridis v. Wehmer*, No. 07-3572 (3d Cir. August 15, 2008). Specifically, the doctrine of fugitive disentitlement does not apply to the plaintiff. *Id.*

5. Nor is it precluded by the reasoning in *Lazaridis v. Wehmer*, 591 F.3d 666 (3d Cir. 2010) because the plaintiff is not a party to Maryland state court proceedings.

6. Moreover, on June 14, 2010 the Court of Appeal of Lyon dismissed the divorce and child custody actions in France, holding that the French courts have been without jurisdiction in the child custody matter since at least May 27, 2004. Consequently, the June 29, 2004 child custody order issued by the same French court -- an order that was referenced by this Court

in *Lazaridis v. Wehmer*, Civ. No. AMD 07-3112 -- was void *ab initio*. Thus, it has been demonstrated that all judicial decisions from Delaware and Michigan permitting registration and enforcement of child custody orders issued by French courts in 2004 or 2005 were issued *per incuriam*, and this Court can no longer take judicial notice of them.

7. With respect to the third defendant, the plaintiff seeks only a declaration that the defendant judge exceeded his jurisdiction and authority in permitting the registration of a foreign child custody determination concerning the plaintiff and his child in the Circuit Court of Cecil County, Maryland.

8. The plaintiff also seeks relief from the private parties in the form of compensatory and punitive damages.

**PARTIES**

9. Plaintiff, Emmanuel N. Lazaridis, is an adult citizen of the United States living with his minor child V. L. in Heraklion, Crete, Greece at all times relevant to the present complaint.

10. Defendant Stephen J. Cullen is defendant Wehmer's Maryland attorney of record.

11. The Office of the Maryland Attorney General is the state agency that enforces child custody and visitation orders for the State of Maryland.

12. Defendant Dexter M. Thompson, Jr. is the judge of the Circuit Court of Cecil County, Maryland who confirmed the registration of a foreign child custody order concerning V. L., holding that "the said foreign child custody order may be enforced as allowed by law".

13. Defendant Tina Leukothea Wehmer ("Wehmer"), whose last known address was 17277 Rolling Dunes Drive, West Olive, Michigan, is the mother of V. L.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §2201 (declaratory judgment) and 28 U.S.C. §1367(a) (supplemental jurisdiction over related claims).

15. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## BACKGROUND

*Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)*

16. Registration and enforcement of a foreign child custody order in the State of Maryland is governed by subtitle 3 of Maryland's UCCJEA, which states that "[a] registered determination is enforceable as of the date of the registration in the same manner as a determination issued by a court of this State", whether or not a petitioner provides the Circuit Court with "a simultaneous request for enforcement". Md. Family Law § 9.5-305.

17. "A court of this State may grant any relief normally available under the law of this State to enforce a registered child custody determination made by a court of another state." Md. Family Law § 9.5-306. Any Maryland authority may enforce a registered order.

18. The Circuit Court is required to "confirm the registered order" at a hearing "to contest the validity of a registered order", "unless the person contesting registration establishes", "[a]t that hearing", that one of three exceptions applies. Md. Family Law § 9.5-305(d).

19. Confirmation of a registration at the hearing prescribed by Md. Family Law § 9.5-305(d)

or "by operation of law" "precludes further contest of an order with respect to any matter that could have been asserted at the time of registration". Md. Family Law § 9.5-305(f).

*January 31, 2007 Greek Child Custody and Residence Order*

20. A hearing in the divorce of plaintiff from defendant Wehmer and for custody of V. L. was held in the Court of First Instance of Heraklion, Crete, Greece on January 31, 2007.

21. Defendant Wehmer had notice of the January 31, 2007 hearing, where she appeared and was represented by her plenipotentiary attorneys Afroditi Mayroeidi and Alexandros Anifantakis.

22. Immediately following the January 31, 2007 hearing an order issued, by which order is entrusted "custody of the juvenile" V. L. to her father and plaintiff in this action, and is "prohibit[ed] any change in the residence of the juvenile issue, existing in [Heraklion]".

23. At an April 27, 2007 hearing in the child custody matter, defendant Wehmer through her attorney "agreed with the maintenance of the [child custody] order".

24. Plaintiff continues to exercise full custody of V. L. through the date of this filing.

*July 18, 2007 Greek Visitation Order*

25. Subsequently defendant Wehmer filed suit in the Court of First Instance of Heraklion to establish a visitation schedule for her with respect to the minor child.

26. An order issued further to defendant Wehmer's suit on July 18, 2007, which order established a personal and telephonic visitation schedule for defendant Wehmer with V. L., without modifying in any way the January 31, 2007 child custody order.

*There Is No Competing Jurisdiction To That of the Greek Court*

27. In September 2003 a Michigan court determined that Michigan lacked jurisdiction over the child custody dispute. *Lazaridis v. Wehmer*, Civ. No. AMD 07-3112, at 2.

28. On June 14, 2010 the Court of Appeal of Lyon, France decided that the French courts have been without jurisdiction to rule in the matter of parental responsibility concerning V. L. since at least May 27, 2004 whereas it found that the Heraklion courts are competent to so rule pursuant to European law, holding specifically as follows:

> The Court,
>
> Considering that Emmanuel LAZARIDIS is properly the appellant of a reputedly adversarial judgment of April 5, 2005...;
>
> Considering that it is a fact that the Tribunal de Grande Instance of LYON was seized of the demand in divorce by service upon the Office of the Public Prosecutor on May 27, 2004 at the request of Tina WEHMER spouse of LAZARIDIS;
>
> Considering that the Court cannot but hold that, at that date, none of the criteria for competence capable of supporting the seizing of French jurisdiction was satisfied, having regard to the aforesaid community rule [EC Regulation 1347/2000], since the spouses did not have a common habitual residence in France any longer, the defendant did not reside any longer in this country and the requester who is not French no longer had habitual residence during more than one year; ...
>
> Considering by consequence that it is necessary to invalidate the contested decision, to declare the French jurisdiction incompetent to realise the divorce of the spouses LAZARIDIS-WEHMER and to say that the first instance Greek jurisdiction of HERAKLION is competent to realise it; ...
>
> That the Greek jurisdiction of HERAKLION has already ruled in its turn in the matter of the litigation on parental responsibility concerning the opposing parties and that it is in the superior interest of the child to avoid all contrariety of decisions concerning her;

> Considering by consequence that there are grounds to invalidate on this head equally, to declare the French jurisdiction incompetent to rule on parental responsibility regarding the child V. L. and to say that the Greek first instance jurisdiction of HERAKLION is competent to resolve the litigation; ...
>
> Ruling publicly, upon adversarial contest, after debates in counsel's chambers and after having deliberated according to the law,
>
> As to procedure, it accepts both the principal appeal and the incident appeal;
>
> As to the essence, it declares only the first party [Emmanuel Lazaridis] to be justified;
>
> It invalidates the judgment [of April 5, 2005] under appeal and declares it to be void;
>
> Declares itself without jurisdiction to realise the divorce of the spouses LAZARIDIS-WEHMER and with respect to parental responsibility over the child V. L.;
>
> States that the Greek jurisdiction of HERAKLION is competent to rule on the divorce of the spouses LAZARIDIS-WEHMER and on parental responsibility with respect to the child V. L.; ...

29. Pursuant to the June 14, 2010 French judgment, the June 29, 2004 child custody order issued by the same Court of Appeal of Lyon -- and referred to by this Court in *Lazaridis v. Wehmer*, Civ. No. AMD 07-3112 -- is demonstrated to have been void *ab initio*, because it was issued by a court without the necessary jurisdiction to do so.

30. It is now clear that the UCCJEA decisions referenced by this Court in *Lazaridis v. Wehmer*, Civ. No. AMD 07-3112, which concerned the registration of French orders for enforcement in the United States, were issued *per incuriam* because those French orders were in fact void and unenforceable at all times relevant to the American registration and enforcement litigation, having been issued by courts without jurisdiction in the child custody matter.

*Registration Proceedings in the State of Maryland*

31. The aforesaid Greek child custody and visitation orders were submitted for registration in the Circuit Court for Cecil County, Maryland, on August 28 and October 10, 2007 respectively, pursuant to the UCCJEA.

32. Plaintiff in the present action was not a party to the registration contest initiated by Defendant Cullen, purportedly on behalf of Defendant Wehmer.

33. The initial rejection of the Greek child custody and visitation orders -- referred to by this Court in *Lazaridis v. Wehmer*, Civ. No. AMD 07-3112 (at 4) -- was overturned on appeal. *Lazaridis v. Wehmer*, No. 7, September Term 2008 (Md. Sp. App. February 19, 2009).

34. At a remand hearing on September 11, 2009 before the Circuit Court for Cecil County, Defendant Thompson confirmed registration of only one of the two Greek orders concerning V. L., holding that "the said foreign child custody order may be enforced as allowed by law".

35. At the September 11, 2009 hearing before the Circuit Court for Cecil County, Defendants Thompson and Cullen participated in the following exchange:

> Mr. Cullen: And I would submit, certainly, because they haven't appeared today that all of those requests should be denied. Legally, your Honor, the position is, as you know, there is no precedent in Maryland as to whether the fugitive disentitlement doctrine exists or not.
>
> Judge Thompson: I know. I think -- oh boy. This reminds me. We have... and I couldn't locate it right now... this has been researched pretty well by myself personally and by others. And what appears to be the case is if you can keep a child away illegally from the other parent for a length of time that breaks the bond, then you're entitled to custody.
>
> Mr. Cullen: Yeah.
>
> Judge Thompson: Oh, man.

Mr. Cullen: It's terrible. It's terrible. So what happens is the abductor wins out.

Judge Thompson: Yeah.

Mr. Cullen: And --

Judge Thompson: Now have we issued a criminal contempt order yet?

Mr. Cullen: Well, no, and this is great of course, your Honor, because what the Greek order says, that is now registered at the petitioner's request -- he asked for his own -- for this order to be registered.

Judge Thompson: And it's now --

Mr. Cullen: It now being registered, it says in the very order that he asked [to be] registered that he must not impede my client's exercise of contact with her daughter. so -- and what I'm -- I will do next week is submit an appropriate pleading to the Court asking for the Court to enforce this order.

Judge Thompson: Okay. All right.

### ALLEGATIONS OF FACT COMMON TO ALL CLAIMS

36. At all times relevant to this Complaint, plaintiff and V. L. were living in Heraklion.

37. Defendant Wehmer knew of plaintiff's familial residence in Heraklion since at least 1998, when she visited Greece with plaintiff and plaintiff's parents.

38. Plaintiff specifically informed defendant Wehmer in 2002 that he and V. L. live in Heraklion.

39. The first time that defendant Wehmer sought contact with V. L. in Greece was in May 2006.

40. The last time that defendant Wehmer sought contact with V. L. was in October 2007.

41. None of plaintiff, defendant Wehmer or the minor child V. L. have minimum contacts with the State of Maryland in the sense of Md. Courts and Judicial Proceedings § 6-103.

42. No State of the United States has jurisdiction over the underlying child custody matter.

43. France does not have jurisdiction over the underlying child custody matter.

44. The plaintiff was exonerated of parental kidnapping from the United States on June 18, 2008.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF FUNDAMENTAL PARENTAL AND DUE PROCESS RIGHTS

45. Paragraphs 1-44 are re-alleged and incorporated herein by reference.

46. The UCCJEA unconstitutionally extends the law of the State of Maryland to controversies over which Maryland has no interest, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

47. Absent minimal contacts with Maryland as a forum, Maryland law may not be applied to UCCJEA actions in the Maryland courts. "[F]or a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312-313 (1981).

48. In a dispute over whether a particular court had the necessary jurisdiction to issue a child custody order, it is the substantive law of the *lex causae* that must be applied.

49. A registration proceeding under Md. Family Law § 9.5-305(d) is not benign, but a proceeding leading directly to the enforcement of a foreign order by the State that may be hotly contested by an affected party.

50. Registration of a foreign child custody order in multiple states places an unreasonable litigation burden on foreign respondents.

51. Defendant Thompson knew that he was acting in the complete absence of jurisdiction when he confirmed the registration of a foreign child custody order concerning V. L. in his court.

52. Enforcement pursuant to the UCCJEA of a registered order may include the imposition of criminal charges that could not otherwise be brought by a State.

53. The choice to uphold or to deny registration of a foreign order may provide relief ancillary to divorce, for which minimum contacts are required.

54. To the extent that the UCCJEA provides the exclusive basis for a court to act in registering a foreign custody order and allows the State to provide relief but does not ensure due process of law, particularly to nonresidents, the UCCJEA violates the law of the land.

55. Denial of choice of law to a foreign respondent and child by the UCCJEA is oppressive.

56. The UCCJEA directly conflicts with European Council Regulation (EC) 2201/2003.

57. Provision of notice under Md. Family Law § 9.5-305 and 9.5-309 is constitutionally insufficient for the Circuit Court to proceed to register or enforce any foreign order.

58. The jurisdiction of the Circuit Court in divorce actions over nonresident parties is protected on the plaintiff's side by a residency requirement. *Fletcher v. Fletcher*, 95 Md. App. 114, 619 A.2d 561 (1993). Because residency establishes state's interests, less connection is needed between a defendant and a state for that state to assert its interests and application of its law. Under the UCCJEA, no Maryland interests are guaranteed to exist because none of the parties, the petitioner or the child, need have any extent of contacts with Maryland.

59. Because registration and enforcement of a foreign custody order under the UCCJEA may provide relief ancillary to a divorce, the registering court must adhere to the higher standard of *in personam* jurisdiction over the parties.

60. The contest of registration envisioned by Md. Family Law § 9.5-305(d) is too abbreviated to ensure due process of law.

61. Particularly offensive is the statutory limitation that confirmation of a foreign order "by operation of law" "precludes further contest of [that] order with respect to any matter that could have been asserted at the time of registration". Md. Family Law § 9.5-305(f).

62. Maryland is not a State with a constitutionally-defensible interest in the underlying child custody litigation concerning V. L. and her parents.

63. Defendant Thompson knew that he was without jurisdiction to rule in the UCCJEA action brought before the Circuit Court of Cecil County and to register foreign orders therein.

64. Defendant Cullen threatens to enforce registered orders through the State of Maryland.

65. The consequent imposition upon plaintiff of a need to take measures to protect himself and his daughter from the consequences of Maryland litigation resulting from the defendants' promiscuous treatment of foreign orders is unreasonable and vexatious.

66. As a direct and proximate result of the hereinabove-described acts of the defendants, plaintiff and V. L. have been denied due process of law and are today threatened with Maryland enforcement actions that could harm their fundamental constitutionally-protected interests.

## SECOND CAUSE OF ACTION

**VIOLATIONS OF THE FUNDAMENTAL RIGHTS OF PLAINTIFF'S CHILD**

67. Paragraphs 1-66 are re-alleged and incorporated herein by reference.

68. The minor child in question is a citizen of the Hellenic Republic, living therein.

69. The substantive law that applies to V. L. is not that of the United States.

70. The Hellenic Republic has ratified the United Nations Convention on the Rights of the Child (CRC), which states that "[i]n all actions concerning children, whether undertaken by public or private social welfare institutions, courts of law, administrative authorities or legislative bodies, the best interests of the child shall be a primary consideration". CRC, Art. 3(1).

71. "[T]he child shall in particular be provided the opportunity to be heard in any judicial and administrative proceedings affecting the child". CRC, Art. 12(2).

72. "No child shall be subjected to arbitrary or unlawful interference with his or her privacy, family, home or correspondence". CRC, Art. 16(1). "The child has the right to the protection of the law against such interference". CRC, Art. 16(2).

73. Foreign law, including the CRC, applies to any UCCJEA action where the child concerned resides in a country that recognises the CRC as a part of its internal law

74. European law, including European Council Regulation (EC) 1347/2000, applies to any UCCJEA action where the child resides in a European country.

75. The UCCJEA differs markedly from European Council Regulation (EC) 2201/2003 in that it provides for many fewer defences to a registration and enforcement action.

76. Defendant Thompson violated the substantive rights of V. L. when he overstepped his jurisdiction to rule in the UCCJEA action without recognising European law and providing that the child herself be heard.

77. As a direct and proximate result of the hereinabove-described acts and omissions of the

defendants in conjunction with application of Maryland's UCCJEA, plaintiff's minor child was denied fundamental due process rights originating in foreign law and recognisable under the Constitution of the United States.

### THIRD CAUSE OF ACTION

### DAMAGE TO PLAINTIFF AND PLAINTIFF'S CHILD THROUGH FRAUD, CONSPIRACY AND RELATED ACTS OF LEGAL MALPRACTICE BY THE DEFENDANT ATTORNEY

78. Paragraphs 1-77 are re-alleged and incorporated herein by reference.

79. The private defendants conspired amongst themselves and with others to violate the parental rights of the plaintiff and the fundamental rights of his child.

80. The defendants conspired amongst themselves and with others to register or to contest the registration of child custody orders in the Circuit Court of Cecil County ensuring that the plaintiff and V. L. would not receive due process of law.

81. The private defendants conspired to assert improper grounds for their contest of child custody orders such as but not limited to grounds of improper venue, lack of jurisdiction, non-conformance with the statutory requirements, unclean hands, waiver, judicial estoppel, equitable estoppel and *res judicata*.

82. The private defendants fraudulently asserted that the French courts were competent to rule in the child custody matter concerning V. L., that the plaintiff abducted V. L. from the United States, and that defendant Wehmer is V. L.'s legal custodian.

83. As a direct and proximate result of the hereinabove-described acts and omissions of the

private defendants, plaintiff is suffering financial injury and has incurred costs in addressing the vexatious litigation initiated by them, their fraud and conspiracy amongst themselves and others, which acts or omissions on the part of the defendant attorney sound in legal malpractice, and plaintiff and V. L. are threatened with denial of their fundamental rights through enforcement actions taken by the defendants in an official or personal capacity that may result in additional harm to them.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them, as it applies to each of plaintiff's specified causes of action, for: (1) a declaration that the offending sections of the UCCJEA violate the federal constitution; (2) a preliminary and a permanent injunction preventing the State of Maryland from registering or enforcing any foreign child custody orders on behalf of the private-party defendants, whatever their form and format of presentation; (3) a preliminary and a permanent injunction preventing the private-party defendants from registering, contesting or seeking enforcement of any orders pursuant to the UCCJEA in the State of Maryland or any other State in which V. L. is not physically located; (4) compensatory and punitive damages from the private-party defendants as shall be established by proof at time of trial; (5) costs of suit herein incurred; and (6) such further relief as the Court may deem just and proper.

Respectfully submitted,

_____  Dated: August 1, 2010

Emmanuel N. Lazaridis, Plaintiff acting *pro personam* and as V. L.'s legal representative

TABLE OF CONTENTS

| Page | Section |
|---|---|
| 1 | Nature of Action |
| 3 | Parties |
| 4 | Jurisdiction and Venue |
| 4 | Background |
| 4 |     Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) |
| 5 |     January 31, 2007 Greek Child Custody and Residence Order |
| 5 |     July 18, 2007 Greek Visitation Order |
| 6 |     There Is No Competing Jurisdiction To That of the Greek Court |
| 8 |     Registration Proceedings in the State of Maryland |
| 9 | Allegations of Fact Common To All Claims |
| 10 | CLAIM ONE: Violations of Fundamental Parental and Due Process Rights |
| 12 | CLAIM TWO: Violations of the Fundamental Rights of Plaintiff's Child |
| 14 | CLAIM THREE: Damage To Plaintiff and Plaintiff's Child Through Fraud, Conspiracy and Related Acts of Legal Malpractice By Defendant Attorneys |