

Not Reported in A.2d, 2007 WL 4793123 (Del.Fam.Ct.)
**(Cite as: 2007 WL 4793123 (Del.Fam.Ct.))**

Page 1

**C**
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Family Court of Delaware,
New Castle County.
T W Petitioner
v.
E L Respondent.
**No. CN04-08707.**

Nov. 29, 2007.

CIVIL DISPOSITION-JUDGE

WASERSTEIN, J.

*\*1* Before the Court is a Motion for Relief from Registration of Foreign Custody Order filed by E L ("Father"). Father requests that the Court vacate its registration of a Child Custody Order issued by the Court of Appeals of Lyon, France, on June 29, 2004. Registration of the Order in question by T W ("Mother") was previously upheld by Order of this Court on May 2, 2005.

Background

Father and Mother are the parents of V L(d.o.b. In May 2002, the three moved to Lyon, France. On September 11, 2002, Father initiated divorce proceedings against Mother in France. In his petition, Father requested sole legal and physical custody of Varvara. Mother and Varvara returned to live with Mother's family in Michigan.

On November 4, 2002, Father filed a Petition for Sole Physical Custody of V L with the Circuit Court for [REDACTED] County, Michigan. That same day, an Ex Parte Order was entered granting Father temporary physical custody. On November 15, though, the Court issued an Order prohibiting Father from taking V outside the United States until a full custody hearing could be held. Father's Motion to Rescind that order was denied. Despite the Michigan Court's Order, Father returned to France with V. On December 16, 2002, Father filed a Hague Convention Petition in the United States Court for the District of Delaware asking for permission to take V to France, but the District Court found that it had no jurisdiction over the matter.

Following a hearing on March 4, 2003, the French Court, where the initial divorce had been filed, granted Father principal residence of V Mother appealed, and on June 29, 2004, the Cour d'Appeal de Lyon found that V's principal place of residence should be with Mother. On July 2, 2004, Mother registered the June 29, 2004 Order with the Family Court of Delaware, despite Father's objections. Father's Motion to vacate and Motion for Reargument were denied, and, on appeal, the Supreme Court of Delaware concluded that the Family Court correctly ordered the registration of the June 29, 2004 French Order.

On April 5, 2005, the Court of First Instance of Lyon, France, issued an Order modifying the June 29, 2004 French Custody Order. Mother attempted to register this new order in Delaware on October 11, 2006, and Father filed a Motion to Vacate. On July 30, 2007, this Court vacated registration of the April 5, 2005 French Custody Order because it found that the April 5 Order had been modified on January 31, 2007, by the Court of First Instance of Heraklion, Crete, Greece. This Court did not, however, register the Greek Order with the Court. Neither party requested that the Court take such action.

In his August 29, 2007 Motion for Relief, Father now requests that this Court reopen its decision to register the June 29, 2004 French Custody Order, and vacate that Order. Father makes a variety of arguments in his favor, and concludes with the asser-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in A.2d, 2007 WL 4793123 (Del.Fam.Ct.)
**(Cite as: 2007 WL 4793123 (Del.Fam.Ct.))**

Page 2

tion that Delaware is the only place where the June 29, 2004 French Custody Order is still being enforced.

### Conclusion

*2 This Court is not at liberty to reopen debate regarding the registration of the June 29, 2004 French Custody Order. Father's objections were aired in his Motion to Vacate, were stated again in his Motion for Reargument, and were heard a third time, by the Supreme Court of Delaware. This Court's denial of Father's Motions was affirmed by the Supreme Court of Delaware, when it determined that "The Family Court correctly ordered the registration of the June 29, 2004 Order." Father is barred by *res judicata* from readdressing the matter. Father presents this Court with no reason why *res judicata* should be disregarded.FN1

> FN1. Father's argument that Mother deceived the Delaware courts by failing to mention the modification proceeding taking place in France while his own appeal to the Supreme Court of Delaware was pending is disingenuous. The Supreme Court determined that the Family Court was correct to register the June 29, 2004 French Order at the time that the Order was actually registered.

Moreover, neither party is prejudiced by the registration in Delaware of the June 29, 2004 French Custody Order. Both parties are free, at any time, to attempt to register the most recent order that has been issued by a Court maintaining proper jurisdiction over this matter.FN2

> FN2. Codified as *13 Del. C. § 1901 et seq.*

IT IS SO ORDERED.

Del.Fam.Ct.,2007.
T.W. v. E.L.
Not Reported in A.2d, 2007 WL 4793123 (Del.Fam.Ct.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.