IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EMMANUEL N. LAZARIDIS, individually and on behalf of V. L., a minor in his custody and care, ) ) ) | AMD 07 CV 3112 |
| Plaintiff, ) ) | Case No. _____ |
| v. ) ) | |
| TINA LEUKOTHEA WEHMER, individually, ) STEPHEN J CULLEN, individually, ) MATTHEW NEIDERMAN, individually, and ) the OFFICE OF THE MARYLAND ATTORNEY ) GENERAL, by and through ) DOUGLAS F. GANSLER, Attorney General. ) ) | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND COMPENSATORY AND PUNITIVE DAMAGES |
| Defendants. ) ) | |

## COMPLAINT

Plaintiff, Emmanuel N. Lazaridis, a natural person, having motioned this Court to allow him to bring the present Complaint *pro personam*, *in forma pauperis*, on behalf of himself and his minor child, alleges as follows:

### NATURE OF ACTION

1. This is an action challenging provisions of Maryland's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Md. Family Law § 9.5-101 *et seq.*, as violating the federal constitution. This act unconstitutionally extends the long arm of the law of the State of Maryland to controversies over which Maryland has no interest. Plaintiff seeks a declaration that the offending provisions of the UCCJEA are unconstitutional.

2. He also seeks injunctive relief to prevent the private parties from contesting the validity of child custody or visitation orders issued by courts of the country of Greece, to prevent those private parties from registering or contesting any further foreign orders in the State of Maryland or from

seeking future enforcement of such orders, and to prevent the State of Maryland from enforcing any such foreign orders as may be registered in its Circuit Courts.

3. Plaintiff seeks a declaration that enforcement actions by the State of Maryland, coupled with the fraudulent declarations and legal malpractice on the part of the private-party defendants who baselessly and improperly contest the validity of Greek foreign orders regarding V.L., are abhorrent to the interests of the minor child and violate the fundamental rights of plaintiff and his minor child guaranteed by the federal constitution. Finally, plaintiff seeks relief from the private parties in the form of compensatory and punitive damages.

## PARTIES

4. Plaintiff, Emmanuel N. Lazaridis, is an adult citizen of the Hellenic Republic (a/k/a Greece) and the United States living with his minor child V.L. in Heraklion, Crete, Greece.

5. Defendant Tina Leukothea Wehmer ("Wehmer") is the mother of V.L., whose official documents indicate that she resides at 17277 Rolling Dunes Drive, West Olive, Michigan.

6. Defendant Stephen J. Cullen is defendant Wehmer's Maryland attorney of record.

7. Defendant Matthew Neiderman is defendant Wehmer's principal attorney in matters concerning the causes of action specified in the present complaint.

8. The Office of the Maryland Attorney General is the state agency that enforces child custody and visitation orders for the State of Maryland.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §2201 (declaratory judgement) and 28 U.S.C. §1367(a) (supplemental jurisdiction over related claims).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## BACKGROUND

*Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)*

11. Registration and enforcement of a foreign child custody order in the State of Maryland is governed by subtitle 3 of Maryland's UCCJEA, which states that "[a] registered determination is enforceable as of the date of the registration in the same manner as a determination issued by a court of this State", whether or not a petitioner provides the Circuit Court with "a simultaneous request for enforcement". Md. Family Law § 9.5-305.

12. A "respondent" is "a person against whom a proceeding has been commenced for... enforcement of a child custody determination" under the UCCJEA. Md. Family Law § 9.5-301.

13. "A court of this State may grant any relief normally available under the law of this State to enforce a registered child custody determination made by a court of another state." Md. Family Law § 9.5-306. Not only the judicial branch but other authorities may also be called upon to enforce a registered order.

14. The Circuit Court is required to "confirm the registered order" at a hearing "to contest the validity of a registered order", "unless the person contesting registration establishes", "[a]t that hearing", that one of three exceptions applies. Md. Family Law § 9.5-305(d).

15. Confirmation of a registration at the hearing prescribed by Md. Family Law § 9.5-305(d) or "by operation of law" "precludes further contest of an order with respect to any matter that could have been asserted at the time of registration". Md. Family Law § 9.5-305(f).

*June 8, 2006 Greek Rejection of Defendant's Request For Return of Minor Child*

16. By Decision 45592 of June 8, 2006 the Ministry of Justice of the Hellenic Republic rejected defendant Wehrner's application for return of the minor child because a Greek court had "already decided upon the matter of custody".

17. Under Greek law, issuance of a Greek order regarding custody of a Greek child endows the Hellenic Republic with continuing jurisdiction over that child custody matter.

*January 31, 2007 Greek Child Custody and Residence Order*

18. Thereafter plaintiff filed a request for divorce from defendant Wehmer and for custody of V.L. in the Multi-Member Court of First Instance of Heraklion, Crete,

19. A hearing further to plaintiff's case was held on January 31, 2007.

20. Defendant Wehmer had notice of the January 31, 2007 hearing, where she appeared and was represented by her plenipotentiary attorneys Afroditi Mayroeidi and Alexandros Anifantakis.

21. Immediately following the January 31, 2007 hearing an order issued, by which order is entrusted "custody of the juvenile" V.L. to her father and plaintiff in this action, and is "prohibit[ed] any change in the residence of the juvenile issue, existing in [Heraklion]".

22. On April 27, 2007 another hearing in the child custody matter was held before the same court.

23. Defendant Wehmer had notice of the April 27, 2007 hearing as well, where she appeared and was represented by her plenipotentiary attorney Afroditi Mayroeidi.

24. At the April 27, 2007 hearing defendant Wehmer through her attorney "agreed with the maintenance of the [child custody] order".

25. Immediately following the April 27, 2007 hearing an order issued, by which order the earlier child custody order of January 31, 2007 was maintained.

26. As of the date of this filing, the January 31, 2007 Greek child custody order is effective and recognisable internationally pursuant to European Council Regulation 2201/2003.

27. By Civil Disposition of the Family Court of the State of Delaware dated July 30, 2007 in case no. 07-14234, it was accepted that the January 31, 2007 order of the Multi-Member Court of First Instance of Heraklion is the only effective and recognisable child custody order with respect to V.L. ("the Order is an initial decree by a court that appears to have jurisdiction").

*July 18, 2007 Greek Visitation Order*

28. Subsequently defendant Wehmer filed a civil suit in the Single-Member Court of First Instance of Heraklion, Crete, Greece so that a visitation schedule might be established for her with respect to the minor child.

29. The aforesaid case was brought against plaintiff and plaintiff's parents, the paternal grandparents of V.L., as custodians and caregivers for the minor child.

30. An order issued further to defendant Wehmer's suit on July 18, 2007, which order established a personal and telephonic visitation schedule for defendant Wehmer with V.L., without modifying in any way the January 31, 2007 order of its sister court.

31. As of the date of this filing, the July 18, 2007 Greek visitation order is effective and recognisable internationally pursuant to European Council Regulation 2201/2003.

*Registration Proceedings in the State of Maryland*

32. The aforesaid Greek child custody and visitation orders were registered by plaintiff's parents in the Circuit Court for Cecil County, Maryland, on August 28 and October 10, 2007 respectively.

33. Defendants Wehmer and Neiderman through defendant Cullen subsequently filed a "Notice Contesting Validity of Greek Order Pursuant to UCCJEA" with respect to each registration, stating as follows:

> "Christina Leukothea Wehmer-Lazaridis, incorrectly captioned as Tina Lavina Wehmer, Respondent, by her undersigned counsel, pursuant to the Maryland Uniform Child Custody Jurisdiction and Enforcement Act Section 9.5-305 hereby contests the validity of the Greek order and requests the required UCCJEA hearing. The Greek order is contestable on numerous grounds, including, but not limited to, improper venue, lack of jurisdiction, non-conformance with the statutory requirements, unclean hands, waiver, judicial estoppel, equitable estoppel, res judicata..."

34. Notably absent from the filings of the private-party defendants in the Circuit Court for Cecil County is any specific indication that the Greek orders may not be registered or enforced

pursuant to the limited and restrictive terms of Md. Family Law § 9.5-305(d).

35. The aforesaid notice was not served on plaintiff.

36. On November 6, 2007 plaintiff was noticed in Greece by means of a simple letter from the Circuit Court for Cecil County that a hearing will be held with respect to the effective Greek child custody and visitation orders on January 23, 2008 at 14:00.

## ALLEGATIONS OF FACT COMMON TO ALL CLAIMS

37. At all times relevant to this Complaint, plaintiff and V.L. were citizens of the Hellenic Republic as well as of the United States, living in Heraklion, Crete, Greece.

38. Defendant Wehmer knew of plaintiff's familial residence in Heraklion, Crete since at least 1998, when she visited Greece with plaintiff and plaintiff's parents.

39. Plaintiff specifically informed defendant Wehmer in 2002 that he and V.L. live in Heraklion.

40. On or before February 6, 2004 defendant Wehmer informed the United States Department of State that plaintiff and V.L. were in Greece with plaintiff's parents since at least September 2003.

41. The first time that defendant Wehmer sought contact with V.L. in Greece was in May 2006.

42. None of plaintiff, defendant Wehmer or the minor child V.L. have minimum contacts with the State of Maryland in the sense of Md. Courts and Judicial Proceedings § 6-103.

43. Absent minimal contacts with Maryland as a forum, Maryland law may not be applied to the aforesaid pending cases in the Maryland courts. "[F]or a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312-313 (1981); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

44. No State of the United States has jurisdiction over the underlying child custody matter.

- 6 -

## FIRST CAUSE OF ACTION

### VIOLATIONS OF FUNDAMENTAL PARENTAL AND DUE PROCESS RIGHTS

45. Paragraphs 1-44 are re-alleged and incorporated herein by reference.

46. The UCCJEA unconstitutionally extends the long arm of the law of the State of Maryland to controversies over which Maryland has no interest in violation of Articles 5 and 14 of the United States Constitution.

47. The "liberty" protected by due process includes the rights of parents to "establish a home and bring up children." *Meyer v. Nebraska*, 262 U.S. 390 (1923). "The liberty interest... of parents in the care, custody, and control of their children... is perhaps the oldest of the fundamental liberty interests recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000).

48. According to the Family Court of Delaware, "it would be okay to register [a foreign child custody order] in all 50 states if someone wanted to do that", "even if none of the parties and the child" are connected to those States.

49. A registration proceeding under Md. Family Law § 9.5-305(d) is not benign, but a proceeding leading directly to the enforcement of a foreign order by the State that may be hotly contested by an affected party.

50. Plaintiff appears to be a "respondent" with respect to the cases pending before the Circuit Court of Cecil County, meaning "a person against whom a proceeding has been commenced for... enforcement of a child custody determination". Md. Family Law § 9.5-301.

51. Registration of a hotly-contested foreign custody order in multiple states places an unreasonable litigation burden on foreign respondents.

52. Enforcement pursuant to the UCCJEA of a registered order may include the imposition of criminal charges that could not otherwise be brought by the State.

53. The choice to uphold or deny registration of a foreign order when there may exist conflicting foreign orders may change legal custody of a child, and thereby provide relief ancillary to

divorce, for which minimum contacts are required.

54. To the extent that the UCCJEA provides the exclusive basis for the Circuit Court to act in registering a foreign custody order and allows the State to provide relief but does not ensure due process of law, particularly to nonresidents, the UCCJEA violates the law of the land.

55. Denial of choice of law to a foreign respondent and child by the UCCJEA is oppressive.

56. The UCCJEA directly conflicts with European and Greek law concerning validity, registration and enforcement of child custody orders.

57. The UCCJEA directly conflicts with European Council Regulation (EC) 2201/2003.

58. Because Md. Family Law § 9.5-305 does not precondition registration on at least one of the legal custodians or their child being subject to the State's jurisdiction, the Circuit Court may overlook all the usual limits to its authority and force a nonresident respondent into lengthy litigation regarding a matter in which Maryland has no interest whatsoever.

59. Provision of notice under Md. Family Law § 9.5-305 and 9.5-309 is constitutionally insufficient for the Circuit Court to proceed to register a foreign order.

60. Despite enabling enforcement of a foreign custody order, the UCCJEA does not convey jurisdiction over nonresidents to the Circuit Court.

61. The jurisdiction of the Circuit Court in divorce actions over nonresident parties is protected on the plaintiff's side by a residency requirement. *Fletcher v. Fletcher*, 95 Md. App. 114, 619 A.2d 561 (1993). Because residency establishes state's interests, less connection is needed between a defendant and a state for that state to assert its interests and application of its law. Under the UCCJEA, no Maryland interests are guaranteed to exist because none of the parties, the petitioner or the child, need have any extent of contacts with Maryland.

62. To the degree that registration and enforcement of a foreign custody order under the UCCJEA provides relief ancillary to a divorce, the Circuit Court must adhere to the higher standard of *in personam* jurisdiction over the parties.

63. The contest of registration envisioned by Md. Family Law § 9.5-305(d) is too abbreviated to ensure due process of law, nor is it clear what aspects of civil procedure (discovery, etc.) apply to such cases.

64. Particularly offensive is the statutory limitation that confirmation of a foreign child custody order "by operation of law" "precludes further contest of [that] order with respect to any matter that could have been asserted at the time of registration". Md. Family Law § 9.5-305(f)

65. Maryland is not a State with a constitutionally-defensible interest in the underlying child custody litigation.

66. Imposition of Maryland litigation upon plaintiff by the defendants' contest of the validity of the aforesaid Greek orders is vexatious, particularly in light of the particular circumstances of the child custody matter that resulted in issuance of those orders: that defendant Wehmer is subject to the ravages of a serious mental illness, that she personally concurred with the long-term maintenance of the January 31, 2007 Greek child custody order, and that she herself requested the June 17, 2007 Greek visitation order to issue.

67. As a direct and proximate result of the hereinabove-described acts of the private-party defendants and their reliance upon Maryland law and court procedure, plaintiff has been denied due process of law, is being roped into potentially lengthy and difficult litigation in a forum without any relevance to the controversy, and is threatened with enforcement actions by the State of Maryland that could harm his and his child's fundamental constitutionally-protected interests.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FUNDAMENTAL RIGHTS OF PLAINTIFF'S CHILD

68. Paragraphs 1-67 are re-alleged and incorporated herein by reference.
69. The minor child in question is a citizen of the Hellenic Republic, living therein.
70. The Hellenic Republic has ratified the United Nations Convention on the Rights of the Child

- 9 -

(CRC), which states that "[i]n all actions concerning children, whether undertaken by public or private social welfare institutions, courts of law, administrative authorities or legislative bodies, the best interests of the child shall be a primary consideration". CRC, Art. 3(1).

71. "[T]he child shall in particular be provided the opportunity to be heard in any judicial and administrative proceedings affecting the child". CRC, Art. 12(2).

72. "No child shall be subjected to arbitrary or unlawful interference with his or her privacy, family, home or correspondence". CRC, Art. 16(1). "The child has the right to the protection of the law against such interference". CRC, Art. 16(2).

73. The United States has signed but not ratified the CRC. The only other country that has signed but not ratified the CRC is Somalia.

74. Plaintiff asserts that Greek law, including the CRC, applies to any determination of the rights of his child by defendant Wehmer.

75. Plaintiff asserts that European law, including European Council Regulation (EC) 2201/2003, applies to any determination of the rights of his child by defendant Wehmer.

76. Maryland law is similar to the CRC in that it requires that the "best interests of the child" standard be applied in every situation wherein a court determines the custodial arrangements of that child's life.

77. The State of Maryland violates this standard in considering defendant Wehmer's contest of registration of Greek child custody and visitation orders in the Circuit Court of Cecil County pursuant to the UCCJEA.

78. Maryland law differs markedly from European Council Regulation (EC) 2201/2003 including in that it provides for a much more abbreviated process for recognition of a foreign order.

79. The laws of the State of Maryland violate the rights of V.L. when its courts, in reference to the UCCJEA, are allowed to rule on matters central to that child's well-being without recognising Greek law and providing that the child herself be heard.

80. As a direct and proximate result of the hereinabove-described acts and omissions of the private-party defendants and their reliance upon Maryland's UCCJEA, plaintiff's minor child stands to be denied her fundamental rights and may face a period of international legal uncertainty which would be counter to her best interests and could result in actual harm to her.

### THIRD CAUSE OF ACTION

### DAMAGE TO PLAINTIFF AND PLAINTIFF'S CHILD THROUGH FRAUD, CONSPIRACY AND RELATED ACTS OF LEGAL MALPRACTICE BY DEFENDANT ATTORNEYS

81. Paragraphs 1-80 are re-alleged and incorporated herein by reference.

82. The private-party defendants conspired amongst themselves and with others to violate the constitutional and parental rights of plaintiff and the fundamental rights of his child.

83. The private-party defendants conspired amongst themselves and with others to contest the registration of Greek custody orders in the Circuit Court of Cecil County without providing notice thereof to plaintiff.

84. The private-party defendants conspired to assert improper grounds for their contest of the Greek custody orders such as but not limited to grounds of improper venue, lack of jurisdiction, non-conformance with the statutory requirements, unclean hands, waiver, judicial estoppel, equitable estoppel and res judicata.

85. Defendant Wehmer attempted to blackmail plaintiff into agreeing to pay her to desist from initiating contest with respect to the Maryland registrations.

86. Defendants Wehmer and Neiderman committed fraud by altering one or more documents that were then copied and presented as originals.

87. On or about December 6, 2002 one of defendant Wehmer's Greek attorneys attested under oath that a copy of one such altered document, a copy of a flight manifest containing the names of persons with reservations for a flight departing from Philadelphia on December 1, 2002, was a

- 11 -

copy of the original document whereas the copy had been altered by the defendants.

88. The aforesaid acts of attorneys Neiderman and Cullen sound in legal malpractice.

89. Defendant Wehmer violated and continues to violate Art. 58 of the Greek Civil Code, which establishes the rights each person has to his name, by continuing to employ plaintiff's last name without his consent in direct and blatant violation of a July 10, 2007 Order of the Single-Member Court of First Instance of Heraklion, Crete, Greece.

90. As a direct and proximate result of the hereinabove-described acts and omissions of the private-party defendants and their reliance upon Maryland's UCCJEA and court procedures that substantially handicap foreign *pro se* parties, plaintiff is suffering financial injury and faces substantial costs in addressing the vexatious contest initiated by defendant Wehmer, supported in fraud and conspiracy by the acts or omissions of the defendant attorneys and others known to them, which acts or omissions sound in legal malpractice, and V.L. is threatened with denial of her fundamental rights, may have to face a period of international legal uncertainty, and may be threatened with the effect of enforcement actions by the State of Maryland that could result in harm to her.

WHEREFORE, Plaintiff prays for judgement against the defendants, and each of them, as it applies to each of plaintiff's specified causes of action, for: (1) a declaration that the offending sections of the UCCJEA violate the federal constitutions; (2) a preliminary and a permanent injunction preventing the State of Maryland from enforcing any orders on behalf of the private-party defendants, whatever their form and format of presentation; (3) a preliminary and a permanent injunction preventing the private-party defendants from registering, contesting or seeking enforcement of any orders pursuant to the UCCJEA in the State of Maryland; (4) compensatory and punitive damages from the private-party defendants as shall be established by proof at time of trial; (5) costs of suit herein incurred; and (6) such other and further relief as the Court may deem just and proper.

- 12 -

Respectfully submitted,

_____     Dated: __11/15/07__
Emmanuel N. Lazaridis

Lazaridis - Kortsidakis
Smyrnis 14
71201 Heraklion, Crete
GREECE
Tel:  +30 693 902 7351 (Greece)
Fax: +01 484 631 0508 (USA)

- 13 -

## TABLE OF CONTENTS

| Page | Section |
|---|---|
| 1 | Nature of Action |
| 2 | Parties |
| 2 | Jurisdiction and Venue |
| 3 | Background |
| 3 |     Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) |
| 3 |     June 8, 2006 Greek Rejection of Defendant's Request for Return of Minor Child |
| 4 |     January 31, 2007 Greek Child Custody and Residence Order |
| 5 |     July 18, 2007 Greek Visitation Order |
| 5 |     Registration Proceedings in the State of Maryland |
| 6 | Allegations of Fact Common To All Claims |
| 7 | CLAIM ONE: Violations of Fundamental Parental and Due Process Rights |
| 9 | CLAIM TWO: Violations of the Fundamental Rights of Plaintiff's Child |
| 11 | CLAIM THREE: Damage To Plaintiff and Plaintiff's Child Through Fraud, Conspiracy and Related Acts of Legal Malpractice By Defendant Attorneys |