# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

EMMANUEL N. LAZARIDIS          :
                               :
                               :
    v.                         :   Civil No. CCB-10-2338
                               :
                               :
STEPHEN CULLEN, et al.         :
                               :
                               :

## MEMORANDUM

Emmanuel Lazaridis, representing himself, has sued attorney Stephen Cullen, the Maryland Attorney General's Office, Judge Dexter Thompson, Jr., and his former wife Christina Wehmer[1] on issues relating to a custody dispute concerning his daughter. Mr. Lazaridis alleges that Maryland's version of the Uniform Child Custody and Jurisdiction and Enforcement Act ("UCCJEA") is unconstitutional, that his daughter's fundamental rights under the United Nations Convention on the Rights of the Child have been violated; and that his ex-wife and her attorney conspired to commit fraud and legal malpractice against him. Now pending before the court is a motion to dismiss by Mr. Cullen. Also pending is a separate motion to dismiss by the Maryland Attorney General's Office and Judge Thompson.[2] For the following reasons, the motions will be granted.

## BACKGROUND

---

[1] In the twelve lawsuits filed by Mr. Lazaridis, Ms. Wehmer has been referred to by several names, including "Tina La Vina Wehmer" and "Tina Leukothea Wehmer." For the purposes of this motion, the court will refer to her as Christina Wehmer or Ms. Wehmer.

[2] A motion to dismiss has not been filed on behalf of Ms. Wehmer. It does not appear that Mr. Lazaridis ever served Ms. Wehmer. Accordingly, the complaint against Ms. Wehmer will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

This lawsuit, filed on August 20, 2010, represents at least the twelfth filed by Mr. Lazaridis regarding the custody dispute over his daughter, V.L., that began in 2002. In May 2002, Mr. Lazaridis and Ms. Wehmer, who were married at the time, moved to Lyon, France with their daughter. In September 2002, the marriage had deteriorated, and Ms. Wehmer and V.L. returned to the United States to live with Ms. Wehmer's parents in Michigan. At that time, Mr. Lazaridis initiated divorce proceedings in both Michigan and France. In November 2002, Mr. Lazaridis filed a petition in Michigan state court seeking sole custody of V.L. Because Ms. Wehmer was hospitalized at the time, the state court granted him temporary custody. Upon her release from the hospital, Ms. Wehmer filed a petition requesting that Mr. Lazaridis be enjoined from taking V.L. outside of the United States pending a full custody hearing. The court granted Ms. Wehmer's request and scheduled a hearing for December 17, 2002. Despite this order, Mr. Lazaridis removed V.L. from the United States on December 1, 2002.

On June 29, 2004, a French court granted joint custody of V.L. to Ms. Wehmer and Mr. Lazaridis as part of their divorce proceedings, but ordered that the child's primary residence be with Ms. Wehmer. Ms. Wehmer then registered the French custody order in Ottawa County, Michigan. In October 2004, an Ottawa County court issued an arrest warrant for Mr. Lazaridis for felony kidnapping. Ms. Wehmer also registered the French custody order in Delaware family court over Mr. Lazaridis's objection.

On December 27, 2006, Mr. Lazaridis filed an action in the United States District Court for the District of Delaware against Ms. Wehmer, her attorneys, and the Delaware Attorney General to prevent them from enforcing the June 29, 2004 French custody award. As the case was pending, a Greek court granted Mr. Lazaridis temporary custody of V.L. in January 2007.

On August 8, 2007, the Delaware federal district court dismissed Mr. Lazaridis's action pursuant to the fugitive disentitlement doctrine. *See Lazaridis v. Wehmer*, No. 06-793, 2007 WL 2286135 (D. Del. Aug. 8, 2007).

Following the dismissal of his claims in Delaware federal court, Mr. Lazaridis's mother filed a petition in the Circuit Court for Cecil County, Maryland on August 28, 2007, seeking to register the Greek temporary custody order on Mr. Lazaridis's behalf. Mr. Lazaridis's father filed a petition in the same court on October 10, 2007, seeking to register a Greek visitation order with respect to Ms. Wehmer. Defendant Cullen agreed to represent Ms. Wehmer pro bono in opposing the registration of the Greek custody orders. Upon notification that his ex-wife would be contesting these registrations, Mr. Lazaridis filed a lawsuit in the District of Maryland, alleging that Maryland's UCCJEA was unconstitutional. On March 31, 2008, Judge Andre Davis in this district dismissed Mr. Lazaridis's lawsuit, agreeing with the Delaware district court that the action was barred by the fugitive disentitlement doctrine. *See Lazaridis v. Wehmer*, No. 07-3112 (D. Md. Mar. 31, 2008). After the court denied a subsequent motion to amend the order dismissing the lawsuit, Mr. Lazaridis filed an appeal to the Fourth Circuit. On July 1, 2008, the Fourth Circuit dismissed Mr. Lazaridis's appeal for failure to prosecute when he failed to file a timely brief or to respond to a warning notice. *See id.*, ECF No. 33.

On August 15, 2008, the Third Circuit reversed the Delaware district court's application of the fugitive disentitlement doctrine. *See Lazaridis v. Wehmer*, 288 F. App'x 800 (3d Cir. 2008).[3] Mr. Lazaridis submitted the Third Circuit's reversal to Judge Davis and filed a motion to vacate pursuant to Federal Rule of Civil Procedure 60(b). Judge Davis denied the motion on

---

[3] The Delaware district court subsequently dismissed Mr. Lazaridis's case on different grounds, which was affirmed by the Third Circuit in 2010. *See Lazaridis v. Wehmer*, 591 F.3d 666 (3d Cir. 2010).

October 20, 2008. *See Lazaridis v. Wehmer*, No. 07-3112 (D. Md. Oct. 20, 2008), ECF No. 39. Mr. Lazaridis failed to appeal this ruling to the Fourth Circuit.

On June 14, 2010, the Court of Appeal of Lyon, France declared that it was without jurisdiction to hear the divorce of Mr. Lazaridis and Ms. Wehmer or custody issues related to V.L. Following this holding, on August 20, 2010, Mr. Lazaridis filed the current action against Ms. Wehmer, Mr. Cullen, the Maryland Attorney General's Office, and Judge Dexter Thompson, Jr., who had ultimately denied Mr. Lazaridis's attempt to register the Greek temporary custody order in the Cecil County court. On December 22, 2010, Mr. Cullen moved to dismiss Mr. Lazaridis's suit. On February 11, 2011, the Maryland Attorney General's Office also moved to dismiss the suit on behalf of the state and Judge Thompson. Mr. Lazaridis has opposed Mr. Cullen's motion only.

## **ANALYSIS**

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of

inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

### A. Res Judicata

Mr. Lazaridis's claims against Mr. Cullen and the Maryland Attorney General's Office are barred by the principle of res judicata, or claim preclusion. Res judicata operates to "bar [ ] a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). Its purposes are both equitable and practical: to protect litigants from the burden of relitigating identical issues, and to "promote judicial economy by preventing needless litigation." *Id.* at 162 (internal alteration omitted) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Because Mr. Lazaridis's 2007 lawsuit was a federal court matter in this district court, the preclusive effect of res judicata on the claims raised in that suit is determined by federal law. *See Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003).

Under federal law, an earlier claim bars a later one when: "1) the prior judgment was

final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claim[ ] in the second matter [is] based upon the same cause of action involved in the earlier proceeding." *Id.* (alterations in original) (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)). All three elements are met in this case.

First, the court's dismissal of Mr. Lazaridis's 2007 lawsuit appears to have been a final judgment on the merits and was rendered by a court of competent jurisdiction in accordance with the requirements of due process. Under Rule 41(b) of the Federal Rules of Civil Procedure, unless otherwise stated, a dismissal other than one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 operates as an adjudication on the merits. Fed. R. Civ. P. 41(b); *see also Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 319 (4th Cir. 2002). Judge Davis dismissed Mr. Lazaridis's 2007 lawsuit based on the fugitive disenfranchisement doctrine and did not explicitly state that it was dismissed without prejudice. Even if Judge Davis, who adopted Judge Robinson's reasoning, intended the dismissal to be, like hers, "without prejudice," refiling would not be permitted while the Michigan warrant remains in place. *Lazaridis*, 2007 WL 2286135, at *2.

Moreover, the Fourth Circuit's termination of Mr. Lazaridis's appeal for failure to prosecute also operated as a final adjudication on the merits. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) (citations omitted) (explaining that the rules of finality treat a dismissal for failure to prosecute as a judgment on the merits). Mr. Lazaridis argues that res judicata does not bar his current suit because he was not given a full and fair opportunity to litigate his claims. Although a party must be provided a full and fair opportunity to litigate an issue before res

judicata may apply, the full and fair opportunity requirement "relates to the procedural opportunity rather than to a judicial determination of the merits of the issue." *Bedrock Servs. v. Int'l Bhd. of Elec. Workers Local Union Nos. 238, 342, & 495*, 285 F. Supp. 2d. 693, 699 (W.D.N.C. 2003) (quoting *Lim v. Central DuPage Hosp.*, 972 F.2d 758, 763 (7th Cir. 1992)). Mr. Lazaridis was afforded the procedural opportunity to pursue his claims. That he abandoned his Fourth Circuit appeal, a decision which he acknowledges in his opposition and characterizes as a "rational one intended solely to reduce that litigation burden on all parties," (Pl.'s Opp'n at 5, ECF No. 12), does not translate into a failure to provide him with a full and fair opportunity to litigate his claims.

Second, the parties in the two actions are identical. Mr. Lazaridis and his daughter are named plaintiffs in both actions. Likewise, the defendants in Mr. Lazaridis's 2007 lawsuit, specifically Ms. Wehmer, Mr. Cullen, and the Maryland Attorney General's Office, are identical to the defendants named in the current lawsuit. Mr. Lazaridis nonetheless argues that the parties are not identical because this action adds Judge Thompson, who was not a defendant in the 2007 action, as a party. A plaintiff "cannot avoid the bar of *res judicata* by bringing in additional [defendants]." *Bedrock Servs.*, 285 F. Supp. 2d at 699 (alteration in original) (quoting *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001)). Thus, Mr. Lazaridis cannot attempt to avoid res judicata simply by adding Judge Thompson as a defendant.

Finally, Mr. Lazaridis's current claims are based on the same cause of action at issue in his 2007 lawsuit. The res judicata requirement that the current claims be based on the same cause of action at issue in the prior action is met if "'the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Bouchat v. Bon-Ton Dept.*

*Stores, Inc.*, 506 F.3d 315, 327 (4th Cir. 2007) (quoting *Meekins v. United Transp. Union*, 946 F.2d 1054, 1058 (4th Cir. 1991)). The Fourth Circuit has recognized the word "transaction" in the claim preclusion context to mean:

> [A] natural grouping or common nucleus of operative facts. Among the factors to be considered in deciding whether the facts of the current and prior claims are so woven together that they constitute a single claim are the relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes.

*Id.* (quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)).

In his current lawsuit, Mr. Lazaridis raises the same allegations that he did in his 2007 lawsuit: (1) that Maryland's UCCJEA is unconstitutional because it violates due process; (2) that his daughter's fundamental rights under the United Nations Convention on the Rights of the Child have been violated; and (3) that the defendants conspired to commit fraud and legal malpractice against him. In fact, with the exception of a handful of variations in paragraph numbering, the complaint filed by Mr. Lazaridis in this case is almost an exact replica of his complaint filed in the 2007. *Compare* Compl. ¶¶ 67-77, *Lazaridis v. Cullen*, No. 10-2338 (Aug. 20, 2010) *with* Compl. ¶¶ 68-80, *Lazaridis v. Wehmer*, No. 07-3112 (Nov. 19, 2007). Moreover, the same transaction—the attempt by Mr. Lazaridis's parents to register the Greek temporary custody order in Cecil County court—serves as the basis for both the 2007 and current lawsuit. Thus, the third requirement for res judicata to apply has been met in this case.

Mr. Lazaridis argues that even though his current allegations are identical to the allegations he raised in his 2007 lawsuit, two developments in the on-going saga of his custody battle with Ms. Wehmer permit him to reinstate his claims. First, Mr. Lazaridis argues that the Third Circuit's reversal of the Delaware district court demonstrates the error of the court's dismissal of his 2007 action. Judge Davis, however, considered the Third Circuit's ruling on the

fugitive disenfranchisement doctrine when Mr. Lazaridis filed a Rule 60(b) motion to vacate, requesting the court to reconsider the dismissal in light of the Third Circuit's decision. He nonetheless denied Mr. Lazaridis's motion. *See Lazaridis v. Wehmer*, No. 07-3112 (D. Md. Oct. 21, 2008), ECF No. 39.[4] Moreover, even if the court did make an error in dismissing Mr. Lazaridis's suit, "[a]n error in the first court's judgment does not dispel the *res judicata* effect of the judgment." *Weathersby v. Kentucky Fried Chicken Nat'l Mgmt. Co.*, 804 F. Supp. 756, 761 (D. Md. 1992) (citing *Stebbins v. Nationwide Mut. Ins. Co.*, 528 F.2d 934, 936 (4th Cir. 1975)). Mr. Lazaridis could have contested the court's dismissal for error by appealing the decision to the Fourth Circuit, but he chose not to do so.[5] Res judicata bars Mr. Lazaridis from collaterally challenging the decision now.

Second, Mr. Lazaridis argues that the French court's finding that it did not have jurisdiction over the couple's divorce proceeding or child custody dispute undermines the court's dismissal in 2007. The court's dismissal of Mr. Lazaridis's 2007 action, however, did not rely on the June 29, 2004 custody order issued by the French court. The court's dismissal was based on the warrant issued by Ottawa County, Michigan for Mr. Lazaridis's failure to appear for arraignment on felony kidnapping charges. Based on the record before the court, the warrant for Mr. Lazaridis's arrest remains open and pending. (*See* Warrant for Emmanuel Lazaridis, Ex. 8, ECF No. 8; Dykstra Decl. ¶ 3, Ex. 9, ECF No. 9.) Mr. Lazaridis's rights have not changed since

---

[4] The Third Circuit's ruling was not precedential. Moreover, the Sixth Circuit reached the opposite conclusion of the Third Circuit, affirming a district court's dismissal without prejudice of a separate suit filed by Mr. Lazaridis based on the fugitive disenfranchisement doctrine. *See Lazaridis v. Herald Co.*, No. 06-1830 (6th Cir. Mar. 13, 2007), aff'g No. 05-111, 2006 WL 222839 (Jan. 26, 2006).

[5] Mr. Lazaridis alleges that he did not receive notice the court had rejected his Rule 60 motion to vacate and believed it was simply never addressed. (*See* Pl.'s Opp'n at 5, ECF No. 12.) Even assuming this to be true, Mr. Lazaridis did not file a motion to enlarge the time period for filing an appeal of the court's rejection of his Rule 60(b) motion under established appellate procedure. *See* Fed. R. App. P. 4(a)(6).

his 2007 lawsuit. He is still a fugitive, and the court may not question the validity of the Michigan warrant. Accordingly, the claims against Mr. Cullen will be dismissed.[6]

### B. Claims Against the Maryland Attorney General's Office

Mr. Lazaridis's claims against the Maryland Attorney General's Office, are also barred by sovereign immunity. Under the Eleventh Amendment, a state, its agencies, and its departments are immune from suits in federal court brought by its citizens or citizens of a foreign nation. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Maryland's Attorney General Office is an agency of the State, and has not consented to be sued. Nor has Mr. Lazaridis shown that the *Ex Parte Young* doctrine, *see* 209 U.S. 123 (1908), would apply to permit a suit against the Attorney General.

### C. Claims Against Judge Thompson

Mr. Lazaridis also has asserted claims against Judge Thompson for registering the Greek visitation order in Cecil County on September 11, 2009. To the extent that Mr. Lazaridis seeks damages from Judge Thompson, judges enjoy absolute immunity from damages liability for judicial functions. *See Goldstein v. Moatz*, 364 F.3d 205, 212 (4th Cir. 2004) (citing *Stump v. Sparkman*, 435 U.S. 329 (1978)). Judge Thompson's order on registering the Greek custody orders was a judicial function, and he is therefore entitled to absolute immunity in performing such an act. To the extent that Mr. Lazaridis is requesting a declaration that Judge Thompson's order was invalid, this court does not have jurisdiction to review constitutional challenges to the outcome of state proceedings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Accordingly, Mr. Lazaridis's claims against Judge Thompson will be dismissed.

---

[6] In light of this holding, I need not address Mr. Cullen's other arguments in support of dismissal.

## **Conclusion**

For the foregoing reasons, Mr. Cullen's motion to dismiss will be granted. The motion to dismiss filed on behalf of the Maryland Attorney General's Office and Judge Thompson also will be granted. A separate Order follows.


April 20, 2011                                          /s/
Date                                                Catherine C. Blake
                                                    United States District Judge